**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julia Meyer, | No. CV-12-1256-PHX-DKD |
| Plaintiff, | |
| vs. | **ORDER** |
| Montessori Kingdom of Learning, | |
| Defendant. | |

This Order addresses Plaintiff's Second Motion for Leave to Amend Her Amended Complaint (Doc. 56).[1] Plaintiff seeks to add Count Four which seeks to pierce the veil of the corporate defendant and impose liability on the proposed individual defendants who are alleged to be the only members of the corporate defendant. The Court previously authorized the filing of the Second Amended Complaint on July 9, 2013.

Plaintiff's Motion contends that amendment is warranted because

> Plaintiff has recently discovered Defendant's intent to file for Chapter 7 bankruptcy and throughout the course of those discussions Defendant has disclosed certain information that Plaintiff believes would be grounds to pierce the corporate veil and pursue both Ms. Rager and Ms. Schneider personally.

Motion at pp. 2-3. In addition, the proposed third amended complaint specifies

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed.R.Civ.P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

> 13. Upon information and belief based on Defendant[']s recent proposed bankruptcy disclosures, Suzanne Rager and Elizabeth Schneider failed to do the following upon the inception of Montessori Kingdom of Learning, LLC and/or failed to adhere to the following after its inception: (1) follow all corporate formalities required for a limited liability company in Arizona; (2) did not have proper funding for the limited liability company at its inception; (3) have commingled their own personal funds and/or monies with those of the limited liability company; and (4) they have used the limited liability company to advance personal purposes.

Proposed Third Amended Complaint at p. 3.

To pierce the corporate veil, Plaintiff must plead facts that "allow[] the [C]ourt to draw the reasonable inference" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)), that (1) the company is the "alter ego" of a person and (2) that observing the corporate form would cause a "fraud or injustice." *See Gatecliff v. Great Republic Life Ins. Co.*, 170 Ariz. 34, 39, 821 P.2d 725, 730 (1991). Plaintiff's proposed third amended complaint alleges facts (set forth above) that the company was the alter ego of the named persons but the proposed third amended complaint is completely silent as to whether observing the corporate form would cause a fraud or injustice. Moreover, the "facts" in support of the alter ego status of the company as set forth in the proposed third amended complaint and quoted above are the kind of conclusory facts which were deemed insufficient to state a claim in *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1959-50. These are "legal conclusion[s] couched as [] factual allegation[s]", *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007), which provide no basis for the Court to do what *Iqbal* requires and make a determination that the claim is facially plausible. *Iqbal* at 678, 129 S.Ct. at 1949. Given that the proposed amendment to the Second Amended Complaint could not withstand a motion to dismiss, the proposed amendment is futile. As Defendant points out, a possible bankruptcy which might potentially render a judgment uncollectible is not sufficient to constitute fraud or injustice. *In re BH S&B Holdings, LLC*, 420 B.R. 112, 140 n.8 (Bankr. S.D.N.Y. 2009).

The standard for granting leave to amend is generous, but it is not unlimited. Considering the factors set forth in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), and where Plaintiff has already had two opportunities to file amended complaints

1  and where the proposed third amended complaint does not plead a *prima facie* case for the claim
2  to be added, and in light of the fact that this case has been pending for nearly a year and a half,
3  the Court will decline to grant leave to amend.

4  The parties shall confer about a proposed revised case management plan and, if in
5  agreement, submit this plan to the Court for its consideration. If the parties are unable to agree,
6  then they shall contact the Court's judicial assistant for the purpose of scheduling a telephonic
7  case management conference.

8  **IT IS THEREFORE ORDERED** denying Plaintiff's Second Motion for Leave to
9  Amend Her Amended Complaint (Doc. 56).

10  **IT IS FURTHER ORDERED** that the parties submit a proposed revised case
11  management plan, or place a call to schedule a telephonic case management conference no later
12  that December 13, 2013.

13  DATED this 19th day of November, 2013.

_____
David K. Duncan
United States Magistrate Judge

- 3 -